FAJARDO SUGAR COMPANY, PLAINTIFF AND APPELLANT, *v.* TORRES ET AL., DEFENDANTS AND APPELLEES.

## APPEAL from the District Court of Humacao from an Order for Costs.

No. 2092.—Decided February 16, 1920.

COSTS—MEMORANDUM OF COSTS—AMENDMENT—DISCRETION OF COURT.—The appellant having objected to the memorandum of costs seasonably filed by the defendant-appellee because of certain defects of form in the affidavit, the appellee filed an amended memorandum of costs, stating that he did so by leave of the court. The lower court having refused to strike out the amended memorandum as moved for by the appellant, it was held on appeal that as it should be presumed that the court in the exercise of its discretion granted the permission asked for by the appellee in filing his amended memorandum, although it was filed after the close of the term it must be understood as filed *nunc pro tunc,* and the order will not be reversed unless it is shown that the court abused its discretion and unjustly prejudiced the adverse party in permitting the amendment.

The facts are stated in the opinion.
*Mr. L. Muñoz Morales* for the appellant.

*Mr. C. García de la Noceda* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action of unlawful detainer brought in the District Court of Humacao by The Fajardo Sugar Company against Ramón Torres, Carmen García and Basilia Díaz judgment was entered on December 19, 1918, dismissing the complaint with the costs against the plaintiff. That judgment was affirmed by this court on May 5, 1919, by a judgment which became of record in the clerk's office of the Court of Humacao on the 9th of the same month.

On the 16th of May the defendants filed a verified memorandum of costs containing an item of $5 for clerk's fees, another of $20 for witnesses' fees, another of $40 for traveling expenses to Humacao and return for the first and second appearances at the trial, another of $15 for a trip to San Juan to appear before the Supreme Court, and the last of $200 for attorney fees, the total amounting to $280.

On May 20 the plaintiff filed written objections to the said memorandum of costs on the grounds that the affidavit was defective in that it did not mention the title of the official who administered the oath and the said official did not certify to the appearance before him of the person taking the oath or to his being acquainted with said person; that the witnesses' fees and traveling expenses to and from Humacao and San Juan were not itemized, and that the plaintiff had been expressly adjudged to pay the costs and not the attorney's fees, apart from the fact that the amount of the latter was excessive. For these reasons the plaintiff moved that the memorandum of costs be stricken out, or, in the event that the same should be admitted, that the items mentioned be considered as objected to.

The attorney for the defendants having been notified of the objections, he filed a new memorandum of costs on May 26, stating that he did so by leave of the court, and in this new memorandum of costs, besides correcting the defect in

the affidavit to the one first filed, he explained the items objected to for lack of specification.

On May 28 the plaintiff filed a motion to strike out the amended memorandum of costs because it had been filed without leave of the court and after the time allowed by law, and after objection by the defendant to the said motion to strike out the court, by an order of June 20, 1919, overruled the said motion. Thereupon both parties were heard on the amended memorandum of costs and an order was entered on July 21, 1919, approving the memorandum of costs with the exception of the items for witnesses' fees and traveling expenses, the plaintiff being ordered to pay only the sum of $205 for clerk's and attorney's fees.

That order is before this court on an appeal taken therefrom by The Fajardo Sugar Company.

The appellant rests its appeal on the contention that the District Court of Humacao erred in hearing and disposing of the amended memorandum of costs, for the reason that the first memorandum of costs was null and void and the second was filed after the time allowed by law without previously obtaining the permission of the court and without notice to the plaintiff.

The question involved in this appeal is disposed of by the jurisprudence laid down in the case of *Belaval et al.* v. *The Fajardo Sugar Growers' Association,* 18 P. R. R. 449.

In that case, as well as in the case at bar, the amendment to the affidavit did not affect the merits of the case in any way, for it only referred to a purely formal defect; and, as we then said, the making of such amendments is a matter confided exclusively to the discretion of the trial court, and unless an abuse of this legal discretion is shown, resulting in an injustice to the party complaining of it, the ruling of the court below will not be disturbed.

It is true that in this case counsel for the defendants filed the amended memorandum without asking the permission of the court, but he stated that he did so by leave of the court,

therefore remaining subject to the granting of such leave, which was in fact granted by the court in overruling by its order of June 20, 1919, the motion to strike out the said memorandum, and thus the parties were allowed to argue it without abuse of discretion on the part of the court or prejudice to the rights of the plaintiff, for it was left at liberty to attack the memorandum, as it did, by objecting to its items and succeeding in having some of them struck out.

And it can not be said that the amended memorandum of costs was filed after the time allowed by law, for the original one was seasonably filed and the admission of the amendments must be understood as *nunc pro tunc*, that is to say, not as of the date on which they were made, but as of the date on which the original memorandum was filed.

The order appealed from must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.